### WEINBERG et al. v. NOVICK.

(Supreme Court, Appellate Term. May 5, 1904.)

1. ACCORD AND SATISFACTION—PART PAYMENT—NEW AGREEMENT—BURDEN OF PROOF.

Where a settlement by part payment, made by defendant with plaintiffs, was separate from any settlement with other creditors of defendant, the burden was on defendant to establish a new and binding agreement on a sufficient consideration.

2. SAME—PART PAYMENT—EFFECT.

The payment of a part of an indebtedness does not operate as an extinguishment of the entire indebtedness, without a new and binding agreement.

3. SAME—INSTRUCTIONS.

Where a settlement made by defendant with plaintiffs was shown to have been made separate from any settlement with other creditors of defendant, and the court charged that defendant had agreed with plaintiffs and all his other creditors to a settlement of his indebtedness at a certain rate, it was error to refuse to charge that there was no evidence in the case of any legal binding composition agreement entered into between defendant's creditors in which plaintiffs took any part.

Appeal from City Court of New York, Trial Term.

Action by Gustave Weinberg and others against Bernard H. Novick. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

J. L. Weinberg, for appellants.
J. I. Erenstoft and J. B. Engel, for respondent.

FREEDMAN, P. J. This action was brought upon four promissory notes made and delivered by the defendant to the plaintiffs under an agreement that the four notes should all become due on defendant's failure to pay any one of them at maturity. The defendant by his answer denied the allegations of the complaint that the notes were delivered to plaintiffs before maturity for value, and that there was anything due on them, and then set up the following affirmative defense, viz.: That the promissory notes and the agreement mentioned in the plaintiffs' complaint were given by the defendant to the plaintiffs herein in payment of an antecedent debt due to said plaintiffs from this defendant and his former copartner, Barnett L. Shapiro, who were doing business under the firm name of Shapiro & Novick, for which these plaintiffs agreed to sign and release this defendant, in order to have the petition of involuntary bankruptcy which was heretofore filed against this defendant and his copartner dismissed as against this defendant;

that, after the execution and the delivery of the said promissory notes and agreement, the plaintiffs herein refused to sign the necessary papers releasing this defendant from the debt of the firm and dismissing the petition against him, but demanded a certain cash payment instead and in lieu of the notes aforementioned; that this defendant, in accordance with the plaintiffs' demand, caused that the sum of one hundred and thirty-five and $^{12}/_{100}$ ($135.12) dollars be paid to the plaintiffs herein by one Leo Frank, trustee appointed in the bankruptcy proceedings against the defendant's firm; and that these notes upon which the present cause of action is based were left in the possession of the plaintiffs until the payment of the aforesaid sum of cash money would be paid to them, when, in accordance with the terms of the agreement, the plaintiffs agreed to redeliver and return the same to this defendant. The plaintiffs, by a reply to the answer, admitted that the notes and agreement described in the complaint were given by the defendant in payment of the debt which was due to plaintiffs from the defendant and his former partner, and that the additional sum of $135.12 was received from Leo Frank, but denied that he was a trustee in bankruptcy. They further denied that said cash payment alone was to pay for the debt of the defendant and his partner, and alleged that the cash payment and the promissory notes together were given to liquidate the said debt. Upon the trial the three last-maturing notes were withdrawn by the plaintiffs, and the trial proceeded on the first of the series. Upon the issue, as thus narrowed, both parties gave evidence, and the case was submitted to the jury, who found for the defendant.

This verdict should not be sustained. The testimony of the parties presented a sharp conflict, but preponderated in favor of the plaintiffs, for the defendant remained wholly uncorroborated, and some of the documentary evidence even militated against his contention. No valid composition was pleaded or proved, nor does the record show that there was a uniform settlement with the creditors. No discharge or release appears anywhere. The settlement with the plaintiffs was clearly shown to have been made separate from any settlement with the other creditors. Under these circumstances the burden of proof was upon the defendant to clearly establish a new binding agreement upon sufficient consideration, for without it part payment would not operate as an accord and satisfaction and discharge the debt. The defendant did not sustain this burden.

There were also errors in the charge. The court was requested, and refused, to charge that the payment of a part of an indebtedness does not operate as an extinguishment of the entire indebtedness, without a new binding agreement. The plaintiffs were entitled to the instruction requested. The court also refused to charge, as requested, that there was no evidence in the case of any legal binding composition agreement entered into between the creditors of Novick & Shapiro in which the plaintiffs took any part. The refusal of this request, after the jury had been told that the defendant had agreed with the plaintiffs and all his other creditors to a settlement of his indebtedness at the rate of 75 per cent., was clearly erroneous.

The judgment and order should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.